IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RYAN "SASHA-SHAI VAN KUSH" GALLAGHER and THE SHAIVITE TEMPLE,<br><br>Plaintiffs,<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION, *et al.*,<br><br>Defendants. | Case No. 19-cv-00635-DKW-KJM<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITHOUT LEAVE TO AMEND.**[1] |

On November 26, 2019, *pro se* Plaintiffs Reverend Ryan "Sasha-Shai Van Kush" Gallagher and the Shaivite Temple filed an application to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2, along with a civil complaint against the Drug Enforcement Administration and two individuals (Loren T. Miller and Dan McCormick). Dkt. No. 1. Because an entity cannot proceed *in forma pauperis*, the IFP Application is DENIED insofar as it concerns the Shaivite Temple and GRANTED as to Gallagher. However, because the complaint is frivolous, and it is

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

otherwise a continuation of the frivolous actions Gallagher has filed throughout the country, this action is DISMISSED without leave to amend.[2]

## I. The IFP Application

Federal courts can authorize the commencement of any suit "by a person" without prepayment of fees or security if the "person" submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Gallagher has made the required showing under Section 1915(a). In the IFP Application, Dkt. No. 2, Gallagher states that he is employed by the Shaivite Temple but does not receive any pay. Further, Gallagher states that he receives no other income, has no money in any bank account, and he is homeless. In light of these figures, Gallagher's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2019 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines.

---

[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition, Gallagher has insufficient assets to provide security. As a result, the Court GRANTS Gallagher's IFP Application, Dkt. No. 2.

Gallagher, however, cannot represent the Shaivite Temple because entities can only appear in federal court through a licensed attorney. *See, e.g.*, *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (nonprofit organization); LR 81.1(b); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 202–203 (1993). [3] Therefore, even if the Complaint was not frivolous, *see infra* Part II, the Shaivite Temple would not be able to proceed with this action until it was either represented by a licensed attorney and/or severed from the action.

## II.  Screening

The Court liberally construes a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), but cannot act as counsel for a *pro se* litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The standard for dismissal of a complaint that fails to state a claim is the same under 28 U.S.C. Section 1915(e)(2)(B)(ii) and Fed.R.Civ.P. 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Jones v. Schwarzenegger*, 723 F.

---

[3]To the extent the IFP Application can be construed as a request by the Shaivite Temple for *in forma pauperis* status, it is well-established that artificial entities are not entitled to the benefits under Section 1915; "only a natural person may qualify for treatment *in forma pauperis* under § 1915." *Rowland*, 506 U.S. at 196.

App'x 523, 524 (9th Cir. 2018); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (same standard under Section 1915A). That is, the Court must dismiss the complaint if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must also dismiss a complaint if it is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A claim falls in the former class when the claimant (i) seeks relief against defendants who are "immune from suit," or (ii) asserts an "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. Claims are factually frivolous when they describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327–328; *accord Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]")).

In the Complaint, Dkt. No. 1, Gallagher holds himself out as a Hindu Shaivite who was raised in a "magical herb tradition." *Id.* at 2. He asserts jurisdiction under

4

the Federal Tort Claims Act, *cf.* 28 U.S.C. §§ 1346(b)(1), 2674–2680, and also alleges violations of "Human Rights and Civil Religious Rights" under unspecified constitutional and treaty law. *Id.* at 1–2. Gallagher claims that "overzealous enforcement of 'Controlled' Substance Law" caused unnamed doctors to allow his brother to die and therefore the DEA also "allowed [his] brother to die by direct action, acquiescence or omission." *Id.* at 1–2. According to Gallagher, his brother died at age 12 and "could have been saved by Cannabinoids," but the doctors refused. *Id.* Without any specific details, Gallagher also avers that the same "overzealous enforcement" of controlled substances has caused the DEA "to ignore and even actively attack Religion" by "spying on [his] activity" and "meddling" in federal court case outcomes. *Id.* at 1. Gallagher alleges that in October 2017, he "petitioned the DEA," but has not received any substantive response. *Id.* at 2.[4] He now seeks $5.6 million in damages for himself, his family, and his religious organization. *Id.*

---

[4] Attached to Gallagher's Complaint, however, is a letter, dated June 19, 2019, from Associate Chief Counsel at the U.S. Department of Justice on behalf of the DEA. Dkt. No. 1-1. The letter indicates that Gallagher sent the DEA a Federal Agency Comment Form. The DEA's counsel construed this as an administrative tort claim under the Federal Tort Claims Act, denied Gallagher's claim, and advised Gallagher that he had six months to file a lawsuit. As such, Gallagher has exhausted his administrative remedies. *Cf.* 28 U.S.C. §§ 2401(b), 2672, 2675; 28 C.F.R. § 14.9; *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1196 (2016) (exhaustion of administrative remedies under FTCA is jurisdictional).

## A. The Complaint is Frivolous

At the outset, it is apparent that the Shaivite Temple has not asserted any claim. Other than vague references to religion in general, nothing suggests the Shaivite Temple's interests are at stake. Rather, the allegations in the Complaint relate only to Gallagher's personal interests, *i.e.*, the death of his brother. For several reasons, the Court concludes that Gallagher's claims are patently frivolous.

First, the DEA is not a proper defendant under the FTCA. "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. Although such claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA." *See, e.g.*, *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 761 (9th Cir. 2013) (quoting *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998)); 28 U.S.C. § 2679(a) (establishing that the FTCA does not "authorize suits against [a] federal agency"). Therefore, Gallagher's claims against the DEA are DISMISSED.

Second, Gallagher's perfunctory allegation that the DEA "allowed [his] brother to die" does not give rise to a claim against the United States, much less any particular DEA agent. Under the FTCA, the United States has waived its sovereign immunity and "rendered" itself liable only for claims seeking monetary relief for

"injury or loss of property, or personal injury or death, *caused by the negligent or wrongful act or omission of any employee of the government,* while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1), 2679(b)(1) (emphasis added); *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (listing elements of a "cognizable" FTCA claim). There is simply no legal basis for concluding that unidentified DEA agents caused the death of Gallagher's brother merely because somewhere, unknown doctors complied with federal law by refusing to prescribe a controlled substance to Gallagher's brother.

Third, to the extent Gallagher asserts a constitutional challenge to the classification of marijuana as a Schedule I controlled substance under the Controlled Substances Act (CSA), 21 U.S.C. § 801 *et seq.*, longstanding precedent forecloses any such claim. *See, e.g.*, *United States v. Christie*, 825 F.3d 1048, 1066 (9th Cir. 2016) (citing *United States v. Miroyan*, 577 F.2d 489, 495 (9th Cir. 1978)); *Raich v. Gonzales*, 500 F.3d 850, 864–66 (holding that the Due Process Clause does not embrace the right to use marijuana prescribed by a licensed physician "to preserve bodily integrity, avoid intolerable pain, and preserve life, when all other prescribed medications and remedies have failed"); *see also United States v. Oakland Cannabis*

*Buyers' Coop.*, 259 F. App'x 936, 938 (9th Cir. 2007) (reaffirming that "placement of marijuana in Schedule I of the Controlled Substances Act satisfies rational basis review").

Finally, Gallagher does not set forth any facts to support his conclusory assertions that the DEA is somehow "attack[ing] Religion"; "spying on [Gallagher's] activity"; and "meddling" in the outcome of federal court cases. Dkt. No. 1 at 1. Nor does the Complaint so much as reference the two individuals named in the caption. In any event, Gallagher's narrative is "delusional," *Neitzke*, 490 U.S. at 327–328, and "wholly incredible." *Denton*, 504 U.S. at 33.

Perhaps the most troubling issue is that this lawsuit is merely a continuation of Gallagher's frivolous crusade against the CSA. According to one court's survey, Gallagher filed thirty-six different actions in various federal district courts in 2018 alone. *Gallagher v. DEA*, No. 3:18-CV-263-NBB-DAS, 2019 WL 1997481, at *2–3 (N.D. Miss. Apr. 16, 2019) (noting the various defendants named in each case, the DEA having been named in 9 actions, and summarizing a few of Gallagher's lawsuits), *report and recommendation adopted*, 2019 WL 1996675 (N.D. Miss. May 6, 2019). These included actions filed in, *inter alia*, Colorado, the District of Columbia, Texas, California, Georgia, and Mississippi. *Id*. Although Gallagher's claims varied slightly in each case, his claims were dismissed for failure to prosecute,

failure to state a claim, or otherwise dismissed as frivolous. *See id.* at *2; *Gallagher v. DEA*, No. 3:17-CV-734-L-BN, 2018 WL 1703121, at *2 (N.D. Tex. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1697675 (N.D. Tex. Apr. 6, 2018); *Gallagher v. DEA*, No. 18-CV-01674-GPG, 2018 WL 9485035, at *2 (D. Colo. Aug. 21, 2018) (rejecting claim under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1 *et seq.*), *aff'd*, *Gallagher v. DEA*, 755 F. App'x 856 (10th Cir. 2019); *Gallagher v. DEA*, No. 1:18-cv-02439, 2018 U.S. Dist. LEXIS 207083, *2 (D.D.C. Dec. 3, 2018) (dismissing action with prejudice as frivolous); *Gallagher v. Food & Drug Admin.*, No. 18-2154 (TJK), 2019 WL 6312008, at *2–3 (D.D.C. Nov. 25, 2019) (rejecting claim under RFRA, alleging that FDA's program violates Gallagher's First Amendment right to practice his religion); *Gallagher v. DEA*, No. 18-cv-02505, 2018 U.S. Dist. LEXIS 226309, *5–7 (D. Colo. Nov. 9, 2018) (detailing the disposition in 14 cases filed in the District of Colorado). Because of Gallagher's abusive filing history, at least four federal district courts have imposed filing restrictions on Gallagher.[5]

---

[5]*Gallagher v. DEA*, 2019 WL 1997481, at *3 (N.D. Miss. Apr. 16, 2019), *report and recommendation adopted*, 2019 WL 1996675 (N.D. Miss. May 6, 2019); *Gallagher v. Paxton*, No. 4:18-CV-575, 2019 WL 4267438, at *4–5 (E.D. Tex. Sept. 10, 2019); *Gallagher v. Wray*, No. 3:19-CV-930-N-BK, 2019 WL 2716542, at *1 (N.D. Tex. June 28, 2019); *Gallagher v. DEA*, 2018 U.S. Dist. LEXIS 226309, *12 (D. Colo. Nov. 9, 2018).

The factual allegations alleged in this case are identical to those in *Shaivite Temple v. DEA*, No. A-19-CV-01136-RP-SH, 2019 WL 6338122, at *2–3 (W.D. Tex. Nov. 27, 2019) (dismissing complaint without leave to amend on sovereign immunity grounds). And the instant action closely tracks the allegations in two of Gallagher's other actions. *Gallagher v. DEA*, 2019 WL 1997481, at *1 (N.D. Miss. Apr. 16, 2019) (dismissed as frivolous), *report and recommendation adopted*, 2019 WL 1996675 (N.D. Miss. May 6, 2019); *Gallagher v. DEA*, 2018 WL 1703121, at *1–2 (N.D. Tex. Feb. 8, 2018) (dismissed on sovereign immunity grounds), *report and recommendation adopted*, 2018 WL 1697675 (N.D. Tex. Apr. 6, 2018).

### B.    Leave to Amend is Futile

Under Fed.R.Civ.P. 15(a)(2), leave to amend the complaint "should be freely granted 'when justice so requires.'" *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*). Nonetheless, leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Mayes v. Leipziger*, 729 F.2d 605, 608 (9th Cir. 1984) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In light of Gallagher's repeated abuse of the judicial system and frivolous filings, and because Gallagher's claims here are fatally infirm, the Court finds that justice does not require leave to amend. *Lopez*, 203 F.3d at 1129 (*en banc*) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *Cato v. United States*, 70 F.3d 1103, 1106–07, 1111 (9th Cir. 1995) (affirming dismissal of frivolous complaint without leave to amend); *Albrecht v. Lund*, 845 F.2d 193, 196 (9th Cir. 1988) (same).

### III. Conclusion

Gallagher's application to proceed *in forma pauperis*, Dkt. No. 2, is GRANTED. This action is DISMISSED WITHOUT PREJUDICE and without leave to amend.

IT IS SO ORDERED.

Dated: January 2, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Ryan Gallagher, et al v Drug Enforcement Administration, et al;*
*Civil No. 19-00635 DKW KJM*; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITHOUT LEAVE TO AMEND**